## COMMON'H v. NEW YORK ETC. R. CO. ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF JEFFERSON COUNTY.

Argued October 7, 1886—Decided January 3, 1887.
Re-argued March 9, 1891—Decided March 23, 1891.

1. The fact that a foreign railroad company, having no license to hold lands in Pennsylvania, is the owner of the entire capital stock of a mining company, incorporated in this state and authorized to hold lands, does not render liable to escheat lands held by the mining company to which the railroad company has neither legal nor equitable title.
2. Such a holding of stock, being-authorized by law, cannot constitute a " device " within the meaning of § 5, act of April 26, 1855, P. L. 329, prohibiting the holding of lands by certain corporations in violation of the provisions of said act: Commonwealth v. Railroad Co., 114 Pa. 340, reversed; Commonwealth v. Railroad Co., 132 Pa. 591, re-affirmed and applied.

.Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 180 October Term 1885, Sup. Ct.; court below, No. 151 May Term 1884, C. P.

To the number and term of the court below, Mr. Lewis C. Cassidy, Attorney General, on behalf of the Commonwealth of Pennsylvania, filed an information in quo warranto against the New York, Lake Erie & Western Railroad Company, a corporation of the state of New York, with notice to the North Western Mining & Exchange Company, a Pennsylvania corporation, for the purpose of escheating to the commonwealth certain coal lands in Jefferson county, the title to which was held by said mining and exchange company, the information alleging that said lands were owned by the defendant railroad company and were unlawfully held for it in contravention of the laws of this state.

Upon the trial, it was shown, inter alia, on the part of the commonwealth, that the defendant railroad company was the owner of the entire capital stock of the other defendant, the mining and exchange company; and one of the questions

raised was whether the holding of said lands by the latter company, and the ownership of its stock by the former company, constituted a "device" to enable the railroad company to hold the lands, within the meaning of § 5, act of April 26, 1855, P. L. 329, forbidding corporations not incorporated under the laws of this state from holding "any real estate within this commonwealth directly, in the corporate name, or by or through any trustee, or other device whatsoever, unless specially authorized to hold such property by the laws of this commonwealth."

The defendants offering no testimony, the court, CORBETT, P. J., instructed the jury to find a verdict for the defendants. Such a verdict having been rendered and judgment entered thereon, the commonwealth took a writ of error, upon which the Supreme Court, on January 3, 1887, rendered a judgment reversing the judgment of the court below and awarding a venire facias de novo, upon the ground, as stated in the opinion delivered by Mr. Justice STERRETT, that the case should have been submitted to the jury, to determine, as a question of fact, whether the manner in which the lands in question were held was a device to evade the act of 1855: Commonwealth v. Railroad Co., 114 Pa. 340.

A petition for a re-argument was filed on February 14, 1887. This petition still remaining undisposed of, the Supreme Court on March 3, 1890, rendered its decision upon an appeal from the judgment of the Court of Common Pleas of Elk county, in a precisely similar proceeding against the same defendants, overruling the decision in the present case, as reported in 114 Pa. 340, and holding, as matter of law, that the railroad company's ownership of the capital stock of the mining and exchange company was not a device for the holding of lands by the latter corporation, within the meaning of § 5, act of April 26, 1855: Commonwealth v. Railroad Co., 132 Pa. 591.

On January —, 1891, the defendants filed a petition in the Supreme Court, reciting the various matters above stated, and praying that the present case might be treated as re-argued, and decided in their favor upon such re-argument; that the judgment of said court previously entered might be vacated, and that a judgment of affirmance be entered. The petition was accompanied by a brief, citing, as to the jurisdiction and pow-

ers of the Supreme Court: Jamieson v. Pomeroy, 9 Pa. 230; Borland v. Nichols, 12 Pa. 38; Thomas v. Northern Liberties, 13 Pa. 117; Daniels v. Commonwealth, 7 Pa. 376; Beale v. Commonwealth, 25 Pa. 11; Credit Mobilier v. Commonwealth, 67 Pa. 283; Central Bank v. Earley, 115 Pa. 359; Hazen v. Commonwealth, 23 Pa. 355.  Thereupon, the court made the following order:

Per Curiam:

The motion for a re-argument in the above case is allowed. In view of the fact that the principles involved have been settled by Commonwealth v. Railroad Co., 132 Pa. 591, we will permit counsel, if they desire to do so, to submit the case without argument, at the present term in the Eastern District.

*Mr. William U. Hensel,* Attorney General, and *Mr. Silas W. Pettit,* for the Commonwealth, appellant.

*Mr. George W. Biddle* and *Mr. C. H. McCauley* (with them *Mr. A. Sidney Biddle*), for the appellees.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was a re-argument.  When the case was first heard, a majority of the court were of the opinion that the question whether the manner in which the lands in controversy were held was a device to evade the act of April 26, 1855, P. L. 329, should be passed upon by a jury.  The judgment was accordingly reversed and the record sent down upon this single point: Commonwealth v. Railroad Co., 114 Pa. 340.  In the meantime, another case between the same parties and involving precisely the same question, came up from Elk county.  Upon a very careful consideration of it we came to the conclusion that we had erred in sending it to a jury, for the reason that the facts were all admitted, and it was for the court to pass upon their legal effect.  All this fully appears in the opinion filed in that case: Commonwealth v. Railroad Co., 132 Pa. 591.

The judgment in the last case was for the defendants below, and was affirmed.  We then ordered a re-argument of the case from Jefferson county, and it was heard at the present term of the court in the Eastern District.  After a further consideration of the question, and the additional light furnished by

Opinion of the Court.

the re-argument, we adhere to the views expressed in Commonwealth v. Railroad Co., 132 Pa. 591. As the principles involved were fully discussed in that opinion, we do not think it necessary to go over the ground again. Everything was then said that we deemed essential, and further elaboration would be but repetition, and that is neither desirable nor profitable.

Judgment affirmed.

Mr. Justice STERRETT and Mr. Justice CLARK noted their dissent.